IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) | |
| Plaintiffs, | ) | No. 07-638C (Judge Block) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A, paragraph III, 4, of the Rules of this Court, the parties file the following joint preliminary status report:

(a) Jurisdictional Basis Upon Which Plaintiffs Rely

Plaintiffs' action arises pursuant to an express contract between United States Surety Company and American Contractors Indemnity Company and the United States, through the Department of the Army. The action is brought on an appeal from a final decision of the contracting officer denying plaintiffs' claim. Plaintiffs state that this Court possesses jurisdiction to entertain this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. § 609. Defendant is currently not aware of any reason why this Court would not possess jurisdiction to entertain plaintiffs' challenge to the Army's denial of their claim.

(b) Consolidation

The parties do not believe that this case should be consolidated with any other case.

(c) Bifurcation

The parties are not aware of any reason why liability and damages should be tried separately.

(d) Deferral

The parties do not believe that further proceedings in this action should be delayed pending consideration of another case by this Court.

(e) Remand/Suspension

The parties do not intend to request remand or suspension.

(f) Joinder

The parties do not believe that additional parties should be joined.

(g) Dispositive Motions

The parties anticipate filing cross-motions for summary judgment. The parties agree that the following facts are not in dispute:

1.) On April 22, 2005, the U.S. Army Corps of Engineers, Norfolk District, Norfolk, Virginia ("COE"), awarded a contract to Woodside Construction, Inc. (Woodside) for maintenance dredging of the Lynnhaven River in Virginia Beach, Virginia.

2.) After award, Woodside provided the contractually required payment and performance bonds. The bonds were executed by United States Surety Company and American Contractors Indemnity Company (plaintiffs).

3.) On December 22, 2005, the contracting officer terminated Woodside for default.

4.) On December 29, 2005, the COE transmitted the Takeover Agreement to the plaintiffs for execution.

5.) On December 30, 2005, the plaintiffs executed the Takeover Agreement.

6.) The Takeover Agreement provides, in pertinent part, as follows:

2. The Government agrees to pay the Surety in the manner

> provided by the Contract, the unearned contract balance of $800,362.80, earned retainage of $8,085,00 and earned but unpaid Contract funds of $80,394.48, subject to the following conditions:
>
> A. All unpaid earnings of the Principal, including retained percentages and progress estimates for work accomplished prior to termination, shall be subject to claims by the Government against the Principal arising from the project, except to the extent that such unpaid earnings may be required to permit payment to the Surety of its actual costs and expenses incurred in the performance of or payment for the work called for in the Contract.
>
> * * *
>
> C. Except as expressly provided herein, nothing in this Takeover Agreement shall be construed as a waiver or release of any rights of the Government against the Principal or the Surety, including but not limited to liquidated damages for delays in completion of the work, except to the extent that such delays may be excused under the provisions of the Contract.

7.) As of the date of the Takeover Agreement, the unearned balance of the Contract, as set forth in the Takeover Agreement, was as follows:

| | |
|---|---|
| Unearned contract balance: | $800,362.80 |
| Earned retainage: | $8,085.00 |
| Earned but unpaid contract funds: | $80,394.48 |
| Remaining Contract Balance | $888,842.28 |

8.) The Government withheld $122,800 from plaintiffs for liquidated damages.

9.) By letter dated January 11, 2007, plaintiffs submitted a claim to the contracting officer challenging the deduction of $32,000 in liquidated damages from earned but unpaid contract funds for the period prior to the termination of Woodside by the Corps of Engineers.

10.) On July 18, 2007, the contracting officer denied plaintiffs' claim.

(h) Relevant Issues

Plaintiffs' Statement Regarding The Relevant Issues

Plaintiffs' Factual Issues

Plaintiffs are unaware of any factual issues.

Plaintiffs' Legal Issues

Whether the language of paragraph 2(A) of the Takeover Agreement prevents the Corps of Engineers from withholding liquidated damages from sums earned by Woodside prior to its termination by the Corps of Engineers.

Defendant's Statement Regarding The Relevant Issues

Government's Factual Issues

Whether the Government advised plaintiffs prior to the execution of the Takeover Agreement that liquidated damages would be assessed for the un-excused late performance of the contract.

Government's Legal Issues

1.) Whether the Takeover Agreement precludes the Government from assessing liquidated damages against plaintiffs.

2.) Whether the contracting officer can "waive" liquidated damages.

(i) Advisability of ADR

The parties are not currently in a position to pursue fruitful settlement discussions. The parties do not believe that ADR is appropriate at this time. The parties will, however, continue to consider the possibility of settlement, and the use of mediation or ADR, throughout the proceedings.

(j) Possibility of Trial

The parties expect that this case will be disposed of upon motions for summary judgment.

Joint Proposed Schedule

Completion of fact witness discovery by June 1, 2008.

Filing of motions for summary judgment by August 1, 2008.

(k) Electronic Filing

The parties are not aware of any special issues regarding electronic case management needs.

(l) Additional Information

The parties are unaware of any other matters which should be brought to the Court's attention at this time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Sean P. Foley
SEAN P. FOLEY, ESQ./
Patrick M. Pike
Goldberg, Pike & Besche, P.C.
100 South Charles Street
Tower II, Suite 1001
Baltimore, Maryland 21201
410-539-1004

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor

| | |
|---|---|
| 410-539-2392 (Fax) | Washington, D.C. 20530<br>202-307-0252<br>202-307-0972 (Fax) |
| Attorneys for Plaintiffs | Attorneys for Defendant |


| | |
|---|---|
| Dated: January 29,2008 | Dated: January 30, 2008 |