IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No.07-638C<br>(Judge Lawrence J. Block) |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss plaintiffs' complaint for failure to state a cause of action upon which relief can be granted. In support of our motion, we rely upon the complaint and the following brief.

STATEMENT OF THE ISSUE

Whether the contracting officer is authorized to waive the assessment of liquidated damages.

STATEMENT OF THE CASE

I. Nature of the Case

This case arises out of a takeover agreement entered into by the U.S. Army Corps of Engineers and United States Surety Company and American Contractors Indemnity Company after their principal, Woodside Construction, Inc., was terminated for default.

II. Statement of Facts

On April 22, 2005, the, Norfolk District, Norfolk, Virginia ("COE"), awarded a

contract to Woodside Construction, Inc. ("Woodside") for maintenance dredging of the Lynnhaven River in Virginia Beach, Virginia. Complaint (Comp.) ¶ 5. After award, Woodside provided the contractually required payment and performance bonds. Compl. ¶ 6. The bonds were executed by United States Surety Company and American Contractors Indemnity Company. Compl. ¶ 6. On December 22, 2005, the contracting officer terminated Woodside for default. Compl. ¶ 7. On December 30, 2005, United States Surety Company and American Contractors Indemnity Company executed a takeover agreement. Compl. ¶ 8.

The takeover agreement provides, in pertinent part, as follows:

> 2. The Government agrees to pay the Surety in the manner provided by the Contract, the unearned contract balance of $800,362.80, earned retainage of $8,085.00 and earned but unpaid Contract funds of $80,393.48, subject to the following conditions:
>
> A. All unpaid earning of the Principal, including retained percentages and progress estimates for work accomplished prior to termination, shall be subject to claims by the Government against the Principal arising from the project, except to the extent that such unpaid earnings may be required to permit payment to the Surety of its actual costs and expense incurred in the performance of or payment for the work called for in the Contract.
>
> * * *
>
> C. Except as expressly provided herein, nothing in this Takeover Agreement shall be construed as a waiver or release of any rights of the Government against the Principal or the Surety, including but not limited to liquidated damages for delays in completion of the work, except to the extent that such delays may be excused under the provisions of the Contract.

Compl. ¶ 9.

The COE withheld $122,800 from United States Surety Company and American Contractors Indemnity Company for liquidated damages. Compl. ¶ 15. Of the $122,800 withheld for liquidated damages, $32,000 was for the period of unexcused delay that occurred prior to the termination of Woodside's contract. Compl. ¶ 16.

By letter dated January 11, 2007, United States Surety Company and American Contractors Indemnity Company submitted a claim to the contracting officer challenging the deduction of $32,000 in liquidated damages from earned but unpaid contract funds for the period prior to the termination of Woodside. Compl. ¶ 19. On July 18, 2007, the contracting officer denied United States Surety Company and American Contractors Indemnity Company's claim. Compl. ¶ 20.

## SUMMARY OF THE ARGUMENT

Even assuming that the contracting officer intended to waive the assessment and collection of liquidated damages for the period of unexcused delay that occurred prior to the termination of Woodside's contract, to the extent that such funds were required by the sureties to complete the contract, the contacting officer was not authorized to do so.[1]

## ARGUMENT

### I. Standard of Review For Dismissal For Failure To State A Claim

An action may be dismissed pursuant to RCFC 12(b)(6) where the complaint fails to state a claim upon which relief may be granted. Dismissal for failure to state a claim is appropriate when the facts asserted by the claimant, even liberally construed, do not entitle the claimant to relief. Bell Atlantic Corp. Vv. Trombly, 127 S. Ct. 1955, 1959 (2007), citing Conley v. Gibson,

[1] By filing this motion, the Government does not waive its right to challenge the plaintiffs' interpretation of the contractual provisions at issue in this matter.

355 U.S. 41, 45-46 (1957); McZeal v. Sprint Nextel Corp., 501 F. 3d 1354 (Fed. Cir. 2007); Perez v United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Krause, 416 U.S. 232, 236 (1974). In resolving a motion to dismiss for failure to state a claim, the Court must assume the facts in the complaint are true and "indulge in all reasonable inferences in favor of the non-movant," and should not be dismissed unless it is "'beyond doubt that a plaintiff could prove no set of facts which would entitle him to relief.'" Sommers Oil. Co. v. United States, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (quoting Hamlet v. United States, 873 F.2d 1414 (Fed. Cir. 1989)).

II. Even Assuming That The Contracting Officer Intended To Waive The Assessment And Collection Of Liquidated Damages For The Period of Inexcuseable Delay That Occurred Prior To Termination Of The Contract, To The Extent That Such Funds Were Required By The Sureties To Complete The Contract, The Contacting Officer Was Not Authorized To Do So.

Title 41, U.S.C, section 256a provides as follows:

> Waiver of liquidated damages
>
> Whenever any contract made on behalf of the Government by the head of any Federal Agency, or by officers authorized by him so to do, includes a provision for liquidated damages for delay, the Secretary of the Treasury upon recommendation of such head is authorized and empowered to remit the whole or any part of such damages as in his discretion may be just and equitable.

In addition, Treasury Order 145-10 provides in pertinent part as follows:

> SUBJECT: Remission or Waiver of Liquidated Damages
>
> > 1. By virtue of authority vested in the Secretary of the Treasury, including the authority in 31 U.S.C. §321 (b), I hereby delegate to the Commissioner, Financial Management Service, (the "Commissioner"), the authority of the Secretary:

> a. upon a recommendation from the head of a contracting agency, to remit or waive all or part, as in his discretion may be just and equitable, of liquidated damages for delay assessed against a contractor, in conformity with provisions of . . . 41 U.S.C. §256a . . ..

Finally, FAR 11.501(d) requires that the head of an agency may only reduce or waive the amount of liquidated damages assessed under a contract if the Commissioner, Financial Management Services, or his designee approves.

There is no evidence, nor do plaintiffs so allege in their complaint, that the contracting officer in this matter sought authorization to remit the liquidated damages that were assessed for the period of performance that occurred prior to performance. Concomitantly, there is no evidence that the Secretary of the Treasury granted such authority. It is thus clear beyond cavil that irrespective of the language in the takeover agreement, the contracting officer did not possess the authority to waive the assessment and collection of liquidated damages in this matter.

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant defendant's motion to dismiss.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

February 20, 2008

Attorneys for Defendant