IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY, | ) | |
| Plaintiffs, | ) | No.07-638C |
| v. | ) | (Judge Lawrence J. Block) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 5.2(2) and 5.2 (3) of the Rules of the United States Court of Federal Claims (RCFC), the United States respectfully submits the following reply to plaintiffs' opposition to our motion to dismiss and our opposition to plaintiffs' motion for summary judgment. In support of our response in opposition, we rely upon the complaint, our motion to dismiss plaintiffs' complaint filed pursuant to RCFC 12(b)(6) for failure to state a cause of action upon which relief can be granted, and the following brief. The gravamen of our February 20, 2008 motion is that contracting officers are statutorily barred from waiving liquidated damages without the requisite authorization, authorization that had not been obtained in this case. Plaintiffs' opposition to our motion to dismiss, and their motion for summary judgment, is premised upon the following assertions: (1) Because the inclusion of the pertinent provisions of the takeover agreement executed by plaintiffs and the Government are mandated by the Federal Acquisition Regulations (FAR), those provisions must prevail despite legislation to the contrary, (2) The use by the Government of its rights of set-off to assess liquidated

damages against plaintiffs is improper. See Plaintiffs' Opposition To Defendant's Motion To Dismiss And Cross Motion For Summary Judgment (Pls.' Mot.) At 1-4. Plaintiffs' assertions must fail for the following reasons: (1) It is clear beyond cavil that a statute controls over any regulations to the contrary, (2) The Government did not use its set-off rights when it withheld the amount assessed against the defaulted prime contractor for liquidated damages from plaintiffs.

## BACKGROUND

This case arises out of a takeover agreement entered into by the U.S. Army Corps of Engineers and United States Surety Company and American Contractors Indemnity Company (plaintiffs) after their principal, Woodside Construction, Inc. (prime contractor), was terminated for default. It is undisputed that the agency withheld $122,800 from plaintiffs for liquidated damages. Of the $122,800 withheld, $32,000 was for the period of unexcused delay that occurred prior to the termination of the prime contractor's contract. Plaintiffs claim that the terms of the takeover agreement precluded the agency from withholding the $32,000 in liquidated damages assessed for the period of time attributable to the prime contractor's performance. The gravamen of our motion to dismiss is that, irrespective of the terms of the takeover agreement or the intention of the parties, the contracting officer did not possess the statutorily required authorization to waive the assessment and collection of liquidated damages and, therefore, plaintiffs claim to the $32,000 withheld is wholly lacking in merit.[1]

---

[1] Plaintiffs' claim is premised upon their assertion that a provision in the takeover agreement prohibited the agency from collecting liquidated damages assessed against the prime contractor from funds that would otherwise be available for the benefit of the plaintiffs. In fact, the term "unpaid earnings" in the takeover agreement does not

I. Even Assuming That The Contracting Officer Intended To Waive The Assessment And Collection Of Liquidated Damages, The Contacting Officer Was Not Authorized To Do So.

As previously discussed in our motion to dismiss, section 256aof title 41 of the United States Code provides as follows:

> Waiver of liquidated damages
>
> Whenever any contract made on behalf of the Government by the head of any Federal Agency, or by officers authorized by him so to do, includes a provision for liquidated damages for delay, the Secretary of the Treasury upon recommendation of such head is authorized and empowered to remit the whole or any part of such damages as in his discretion may be just and equitable.

In addition, Treasury Order 145-10 provides in pertinent part as follows:

> SUBJECT: Remission or Waiver of Liquidated Damages
>
> 1. By virtue of authority vested in the Secretary of the Treasury, including the authority in 31 U.S.C. §321 (b), I hereby delegate to the Commissioner, Financial Management Service, (the "Commissioner"), the authority of the Secretary:
>
> a. upon a recommendation from the head of a contracting agency, to remit or waive all or part, as in his discretion may be just and equitable, of liquidated damages for delay assessed against a contractor, in conformity with provisions of . . . 41 U.S.C. §256a . . ..

Finally, FAR 11.501(d) requires that the head of an agency may only reduce or waive the amount of liquidated damages assessed under a contract if the Commissioner, Financial Management Services, or his designee approves.

---

refer to liquidated damages. The term "unpaid earnings" is referenced separately from liquidated damages in FAR §49.404. The term "unpaid earnings" includes only retained percentages and unpaid progress estimates. FAR §49.404(e).

There is no evidence, nor do plaintiffs so allege in their complaint, that the contracting officer in this matter sought authorization to remit the liquidated damages that were assessed for the period of performance that occurred prior to the takeover agreement. Concomitantly, there is no evidence that the Secretary of the Treasury granted such authority. It is thus clear beyond cavil that irrespective of the language in the takeover agreement, the contracting officer did not possess the authority to waive the assessment and collection of liquidated damages in this matter.

II. The Terms Of A Statute Prevail Over The Terms Of Conflicting Regulations.

As previously mentioned, plaintiffs' opposition to our motion to dismiss, and their motion for summary judgment, is premised upon their contention that because the inclusion of the pertinent provisions of the takeover agreement are mandated by the FAR, those provisions must prevail. Pls.'s Mot. at 1-3. Whether or not the inclusion of the provisions at issue in this case were required to be included in the takeover agreement, and the meaning of such terms, is not relevant to the resolution of this dispute. Because the contracting officer did not possess the requisite authority to waive the assessment and collection of liquidated damages in this matter, even if he intended to do so, the withholding of the amount assessed for liquidated damages against the prime contractor from the plaintiffs was proper.

In general, statutes control over conflicting regulations, and regulations that contravene a statute are invalid. See, R & W Flammann GmbH v. United States, 339 F.3d 1320, 1324 (Fed. Cir. 2003)(citing United States v. Vogel Fertilizer Co., 455 U.S. 16, 26, (1982)). It is a fundamental principle of American law that legislative statutes take precedence over conflicting administrative regulations. See, e.g., Caldera v. J.S. Alberici Constr. Co., Inc., 153 F.3d 1381, 1383 n.** (Fed. Cir. 1998).

In short, a contracting officer is statutorily prohibited from waiving liquidated damages without the requisite approval, which approval was undisputedly neither obtained nor even sought in this case. Plaintiffs' assertion that 48 C.F.R. §49.404(e)(1) mandates the inclusion of the provision in the takeover agreement, which in plaintiffs' view waives liquidated damages, directly conflicts with 41 U.S.C. §256a, a statute which clearly authorizes only the Secretary of the Treasury to "remit the whole or any part of" liquidated damages. While such authority has been delegated to the Commissioner, Financial Management Service under Treasury Order 145-10, and FAR 11.501(d), the Commissioner's approval is absolutely required prior to any waiver of liquidated damages.

III. The Agency's Withholding Of the Amount Assessed Against the Prime Contractor Did Not Constitute A Set-off

As previously mentioned, plaintiffs also contend that the use by the Government of its rights of set-off to assess liquidated damages against plaintiffs is improper. Pls.'s Mot. at 3-5.

In support of their argument that the Government improperly used its rights of set off when it withheld from plaintiffs the amount in liquidated damages assessed against the defaulted prime contractor, plaintiffs rely upon Security Ins. Co. of Hartford v. United States, 428 F.2d 838, 843 (1970). Plaintiffs' reliance is misplaced. Although it is true that set-offs are generally not permitted when a performance bond surety and the Government enter into a formal take-over agreement, see e.g. Security Ins. Co. of Hartford, 428 F.2d at 843, here the agency did not withhold from the plaintiffs funds of the prime to pay a debt owed to the agency by the prime.[2]

[2] There is no dispute that the Government has right of set-off as a creditor to apply the unappropriated moneys of his debtor, in its hands, in extinguishment of the debts due to it. See Johnson v. All-State Const., Inc., 329 F.3d 848, 852 (Fed. Cir. 2003).

The liability of the defaulted prime contractor in Security Ins. Co. of Hartford was unrelated to that contractor's performance of the bonded contract. Moreover, the court recognized that liquidated damages were separate from the set off of withheld unpaid earnings of retained progress payments. Id. at 839-40. The limitations of set offs does not impair the Government's right to liquidated damages. Thus, plaintiffs setoff argument is inapposite.

Cases involving set-offs turn on which party has priority to the funds. A surety that pays on a performance bond has priority over the United States to the retainage in the Government's hands but a surety that pays on its payment bond does not. See National American Ins. Co. v. United States, 498 F.3d 1301, 1305 (Fed. Cir. 2007). As such, these cases generally involve the Government's withholding of progress payments and retained percentages from the surety to satisfy a debt incurred by the prime during the performance of the contract. Many set-off cases involve the extent to which the Government may set-off taxes owed to it by a defaulting contractor against the retainage claimed by a surety. For example, the Government cannot withhold funds from the surety to off-set tax liabilities of the prime contractor unrelated to the bonded contract. See, Fidelity and Cas. Co. of New York, 199 Ct. Cl. 995 (1972). However, the court in Johnson v. All-State Const., Inc., held that the Government could withhold earned progress payments because the amount to be retained for liquidated damages exceeded the amount of the invoice. Johnson v. All-State Const., Inc., 329 F.3d 848, 855 (Fed. Cir. 2000).

CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant

defendant's motion to dismiss and deny plaintiff's motion for summary judgment.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

April 25, 2008

Attorneys for Defendant