IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNITED STATES SURETY COMPANY AND AMERICAN CONTRACTORS INDEMNITY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No.07-638C<br>(Judge Lawrence J. Block) |

DEFENDANT'S RESPONSE TO PLAINTIFFS'
PROPOSED FINDINGS OF UNCONTROVERTED FACT

1. On April 22, 2005, the United States Government ("Government") and Woodside Construction, Inc. ("Woodside") entered into Contract No. DACW91236-05-C0039 (the "Contract") for Maintenance Dredging, Lynnhaven River, Virginia Beach, VA (the "Project"). See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

2 Pursuant to the Contract, Woodside, as principal, and United States Surety Company and American Contractors Indemnity Company, as co-sureties (collectively, the "Surety"), provided performance and payment bonds, both numbered 9950, and both in the penal sum of One Million Four Hundred Thirty Five Thousand Three Hundred Dollars ($1,435,300.00), with the Government as obligee. See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

3. By letter dated December 22, 2005, the Government terminated Woodside for default under the provisions of the Contract, and called upon the Surety to complete the performance of the work called for on the Project pursuant to its obligations under the Performance Bond. See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

4. On or about December 30, 2005, the Government and the Surety entered into a Takeover Agreement. See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

5. Paragraph 2 of the Takeover Agreement states as follows:

> 2. The Government agrees to pay the Surety in the manner provided by the Contract, the unearned contract balance of $800,362.80, earned retainage of $8,085.00 and earned but unpaid Contract funds of $80,394.48, subject to the following conditions:
>
> A. All unpaid earnings of the Principal, including retained percentages and progress estimates for work accomplished prior to termination, shall be subject to claims by the Government against the Principal arising from the project,. except to the extent that such unpaid earnings may be required to permit payment to the Surety of its actual costs and expenses incurred in the performance of or payment for the work called for in the Contract.

B. Except as expressly provided herein, nothing in this Takeover Agreementshall be construed as a waiver or release of any rights of the Government against the Principal or Surety, including but not limited to liquidated damages for delays in completion of the work, except to the extent that such delays may be excused under the provisions of the Contract.

See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

6. As of the date of the Takeover Agreement, the unearned balance of the Contract, as set forth in the Takeover Agreement, was as follows:

| | | |
|---|---|---|
| 1. | Unearned contract balance: | $800,362.80 |
| 2. | Earned retainage: | 8,085.00 |
| 3. | Earned but unpaid contract funds: | 80,394.48 |
| 4. | Remaining Contract Balance | $888,842.28 |

See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

7. As of December 22, 2005, Woodside had earned, but the Government had not paid, Eighty Eight Thousand Eight Hundred Seventy Nine Dollars and Forty Eight Cents ($88,879.48). See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

8. The Government assessed the total, aggregate amount of One Hundred Twenty Two Thousand Eight Hundred Dollars ($122,800.00) in liquidated damages, and has withheld that amount from payments due the Surety under the Takeover Agreement. See Joint Preliminary Status Report filed by the parties to this case at § (g).

RESPONSE

Admit.

9. Of the total amount of liquidated damages calculated and withheld by the Government from the Surety, Thirty Two Thousand Dollars ($32,000.00) was withheld for the period of time prior to the termination of Woodside and the execution of the Takeover Agreement between the Surety and the Government. See the Answer of the United States filed in this case at ¶ 16.

RESPONSE

Admit.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division

Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
(202) 307-0252
(202) 307-0972 (Fax)

April 25, 2008

Attorneys for Defendant